UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KEVIN CHRISTOPHER o/b/o minor N. C.,

                               Plaintiff,

                    -against-

THE CITY OF MOUNT VERNON; THE MOUNT
VERNON POLICE DEPARTMENT, DETECTIVE
EVERETT, individually and in his official capacity,
POLICE OFFICER DEBENEDICTIS, individually and
his official capacity, DETECTIVE JOHNSON,
individually and in his official capacity; and MVPD
Officers JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                                Defendants.

------------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

ECF Case

      PLAINTIFF, KEVIN CHRISTOPHER o/b/o N.C. (hereinafter "N.C."), by her attorney
Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

      1.    PLAINTIFF brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil

rights, by defendants THE CITY OF MOUNT VERNON, and DETECTIVE EVERETT,

POLICE OFFICER DEBENEDICTIS, DETECTIVE JOHNSON and P.O.s "JOHN and JANE

DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New

York and the United States.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5.      PLAINTIFF demands a trial by jury in this action.

## PARTIES

6.      PLAINTIFF, N.C., is a resident of WESTCHESTER County in the City of Mount Vernon and State of New York.

7.      Defendant City of Mount Vernon ("City") is a municipal corporation organized under the laws of the State of New York.

8.      Defendant City, maintains the Mount Vernon Police Department ("MVPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The MVPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      At all times relevant defendants DETECTIVE EVERETT, POLICE OFFICER DEBENEDICTIS, DETECTIVE JOHNSON and MVPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the MVPD.

Plaintiff does not know the real names and shield numbers of defendants John & Jane Doe 1 through 10.

10.     At all times hereinafter mentioned DETECTIVE EVERETT, POLICE OFFICER DEBENEDICTIS, DETECTIVE JOHNSON, and the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or City of Mount Vernon.

11.     Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of Mount Vernon.

12.     Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of Mount Vernon.

## STATEMENT OF FACTS

13.     On or about November 21, 2013, at or around 2:30 p.m., MINOR PLAINTIFF N.C. was lawfully within the vicinity of 4th Avenue and West 2nd Street, Mount Vernon, Westchester, New York.

14.     PLAINITFF N.C. is a minor and was fifteen (15) years of age on the above date.

15.     As PLAINTIFF was walking home from Nellie Thornton High School, several unidentified MVPD Officers, including defendants DETECTIVE EVERETT, POLICE OFFICER DEBENEDICTIS, DETECTIVE JOHNSON, and the DOE defendants, approached PLAINTIFF.

16.     The officers stopped PLAINTIFF, despite the fact that they had no reasonable suspicion to do so, and questioned her without parental supervision.

17.     Unprovoked, the officers then sprayed PLAINTIFF with pepper spray, stomped and beat her, causing her to experience pain to her body, specifically to her eyes and back. PLAINTIFF was then taken to Mount Vernon Hospital for treatment.

18.     Despite the fact that defendants had no probable cause to believe that PLAINTIFF had committed any crimes or offenses, defendants placed PLAINTIFF into handcuffs and under arrest.

19.     PLAINTIFF was subsequently transported to the police precinct and interviewed by defendants again without parental consent or supervision.

20.     At the precinct the officers, including defendants EVERETT, DEBENEDICTIS, JOHNSON falsely informed employees of the Westchester County District Attorney's Office ("DA's Office") that they had observed PLAINTIFF N.C. commit various crimes/offenses including assault, resisting arrest and obstructing governmental administration.

21.     Neither EVERETT, DEBENEDICTIS, JOHNSON nor the DOE defendants observed PLAINTIFF violate any laws / ordinances.

22.     The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time that they made the allegations.

23.     The defendants forwarded these false allegations to the DA's Office in order to justify the unlawful arrest and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFF.

24.     The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office

assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

25.     From the precinct, PLAINTIFF was then transported to Criminal Court, and was subsequently arraigned.

26.     From arraignment, PLAINTIFF was transported to Woodfield Juvenile Detention Center.

27.     At Woodfield Juvenile Detention Center PLAINTIFF was subjected to an invasive strip search and was detained for approximately two (2) weeks.

28.     Upon release, PLAINTIFF appeared in court as required, and on May 23, 2014, PLAINTIFF's criminal case was dismissed.

29.     PLAINTIFF suffered damage as a result of defendants' actions.  PLAINTIFF was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## CLAIM
### 42 U.S.C. § 1983  Federal Civil Rights Violations

30.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32.     All of the aforementioned acts deprived PLAINTIFF of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of Mount Vernon and the Mount Vernon Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of their respective municipality/authority, which is forbidden by the Constitution of the United States.

## CLAIM ONE
### Unlawful Stop and Search

56. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

57. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched plaintiff.

58. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM TWO
### False Arrest

36. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

37. The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

38.     As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, they were put in fear for her safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM THREE
### State Law False Imprisonment and False Arrest

39.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, the individual defendants are liable to PLAINTIFF for falsely imprisoning and falsely arresting PLAINTIFF.

41.     PLAINTIFF was conscious of the confinement.

42.     PLAINTIFF did not consent to the confinement.

43.     PLAINTIFF's confinement was not otherwise privileged.

44.     Defendant City of Mount Vernon as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45.     As a direct and proximate result of the misconduct and abuse of authority stated above, PLAINTIFF sustained the damages alleged herein.

## CLAIM FOUR
### Unreasonable Force

46.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

47.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on PLAINTIFF.

48.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FIVE
### State Law Assault and Battery

49.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

50.     By their conduct, as described herein, the defendants are liable to PLAINTIFF for having assaulted and battered PLAINTIFF.

51.     Defendant City of Mount Vernon, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.     As a direct and proximate result of the misconduct and abuse of authority stated above, PLAINTIFF sustained the damages alleged herein.

## CLAIM SIX
### Malicious Prosecution

53.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

54.     By their conduct, as described herein, and acting under color of state law, defendants are liable to PLAINTIFF under 42 U.S.C. § 1983 for the violation of PLAINTIFF's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

55.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of PLAINTIFF constituted malicious prosecution in that there was no basis for the

PLAINTIFF's arrest, yet defendants continued with the prosecution, which was resolved in PLAINTIFF's favor.

56.    As a direct and proximate result of defendants' unlawful actions, PLAINTIFF has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

**CLAIM SEVEN**
**State Law Malicious Prosecution**

57.    PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

58.    By their conduct, as described herein, defendants are liable to PLAINTIFF for having committed malicious prosecution under the laws of the State of New York.

59.    Defendants maliciously commenced criminal proceeding against PLAINTIFF, charging PLAINTIFF with resisting arrest, assault and obstructing governmental administration. Defendants falsely and without probable cause charged PLAINTIFF with violations of the laws of the State of New York.

60.    The commencement and continuation of the criminal proceedings against PLAINTIFF was malicious and without probable cause.

61.    All charges were terminated in PLAINTIFF's favor.

62.    Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of PLAINTIFF.  Defendant City of Mount Vernon, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63.     As a direct and proximate result of the misconduct and abuse of authority stated above, PLAINTIFF sustained the damages alleged herein.

## CLAIM EIGHT
**Malicious Abuse of Process**

59.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

60.     The individual defendants issued legal process to place PLAINTIFF under arrest.

61.     The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

62.     The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

63.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM NINE
**Denial Of Constitutional Right To Fair Trial**

64.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

65.     The individual defendants created false evidence against PLAINTIFF.

66.     The individual defendants forwarded false evidence to prosecutors in the Westchester County District Attorney's office.

67.     In creating false evidence against PLAINTIFF, and in forwarding false information to prosecutors, the individual defendants violated PLAINTIFF's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

68.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM TEN
### Failure To Intervene

69.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

70.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

72.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM ELEVEN
### Negligent Hiring/Training/Retention

73.     Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

74.     Defendant City, through the MVPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and

careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

75.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

76.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

77.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

78.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**CLAIM TWELVE**
**Intentional Infliction of Emotional Distress**

79.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

80.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as MVPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon PLAINTIFF.

81.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as MVPD officers.

82.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

83.     As a direct and proximate result of the misconduct and abuse of authority detailed above, PLAINTIFF sustained the damages hereinbefore alleged.

### CLAIM THIRTEEN
**Negligent Infliction of Emotional Distress**

84.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

85.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as MVPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon PLAINTIFF.

86.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as MVPD officers.

87.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

88.     As a direct and proximate result of the misconduct and abuse of authority detailed above, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FOURTEEN
### Deliberate Indifference to Safety/Medical Needs

89.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

90.     The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to PLAINTIFF's needs.

91.     Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF's medical needs and safety.

92.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FIFTEEN
### Unlawful Strip Search

93.     PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

94.     The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected PLAINTIFF to a strip search without legal justification.

95.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SIXTEEN
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

97.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

98.      The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

        i.      arresting individuals regardless of probable cause in order to inflate the officer's  arrest statistics; and

        ii.     arresting innocent persons notwithstanding the existence of credible evidence  which exonerates the accused of any criminal wrongdoing; and

        iii.    fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

99.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

100.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

101.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

102.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

44.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

45.     The acts complained of deprived the plaintiff of his right:

> a.      Not to be deprived of liberty without due process of law;
>
> b.      To be free from seizure and arrest not based upon probable cause;
>
> c.      Not to have summary punishment imposed upon him; and
>
> d.      To receive equal protection under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:      New York, New York
            December 27, 2015


                                        _____/s/_____
                                        Katherine E. Smith
                                        233 Broadway, Ste. 1800
                                        New York, New York 10279
                                        Tel/ Fax: 347-470-3707
                                        ksmith@legalsmithny.com
                                        *Attorney for plaintiff*